IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 26-cv-00577-CYC

STANKO KUZMIC,

Petitioner,

v.

JUAN BALTASAR, in his Official Capacity as Warden at GEO Group Ice Processing Center;
GEORGE VALDEZ, in his Official Capacity as Director of the Denver Field Office for U.S. Immigration and Customs Enforcement;
DAVID VENTURELLA, in his Official Capacity as Acting Director of U.S. Immigration and Customs Enforcement;
MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security, in his official capacity; and
TODD BLANCHE, Attorney General of the United States, in his official capacity,

Respondents.[1]

---

**ORDER**

---

**Cyrus Y. Chung, United States Magistrate Judge.**

Before the Court is the Petitioner's Motion to Enforce, ECF No. 14. Petitioner Stanko Kuzmic moves to enforce the Court's May 2026 order and seeks immediate release from immigration detention on the basis that his second bond hearing, like his first, failed to comport with the minimum requirements of due process and failed to comply with the Court's prior order. ECF No. 14 at 2. Because the petitioner has now had two deficient bond hearings, the motion to enforce is **GRANTED in part**, and the petitioner is to be released immediately.

[1] David Venturella, who has become the Acting Director of U.S. Immigration and Customs Enforcement; and George Valdez, who has become the Acting Director of the Denver Field Office of U.S. Immigration and Customs Enforcement, are substituted for the individuals formerly in their positions as defendants in this case. *See* Fed. R. Civ. P. 25(d).

## BACKGROUND

The petitioner, a noncitizen in removal proceedings, is currently detained by U.S. Immigration and Customs Enforcement ("ICE") at the Aurora ICE Processing Center, ECF No. 1 ¶¶ 4, 7, where he has been since October 23, 2025. *See id.* ¶ 2. He filed an application for writ of habeas corpus on February 12, 2026, arguing that his bond hearing in December 2025 did not meet due process requirements because he was saddled with burden to show that he did not present a danger to the community or a risk of flight. *Id.* ¶¶ 2, 20–22. On May 12, 2026, the Court held that the Immigration Judge ("IJ") who presided over the petitioner's original bond hearing had improperly placed the burden on the petitioner and ordered a second bond "with the government bearing the burden of proving that the petitioner is a flight risk by a preponderance of the evidence or a danger by clear and convincing evidence." *Kuzmic v. Baltasar*, No. 26-CV-00577-CYC, 2026 WL 1291853, at *6 (D. Colo. May 12, 2026).

The petitioner had a timely bond hearing before an IJ. ECF No. 13–2 at 2. The IJ denied bond, finding the petitioner's release "would pose a significant risk of flight that no amount of bond or combination of conditions could mitigate." ECF No. 13-1 at 1; ECF No. 13-2 at 3. This motion followed, ECF No. 14, and the respondents opposed. ECF No. 15.

## DISCUSSION

8 U.S.C. § 1226(e) provides that "[t]he Attorney General's discretionary judgment regarding the application of this section shall not be subject to review." But "[w]hether [a petitioner] received the due process to which he was entitled 'is not a matter of discretion' and is subject to judicial review." *Velasco Lopez v. Decker*, 978 F.3d 842, 850 (2d Cir. 2020) (quoting *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001)). "Where a petitioner argues that the immigration

judge applied an improper legal standard in violation of a court order, rather than setting aside the custody determination of the immigration judge, the Court is 'assessing whether the IJ applied the legal standard prescribed by this Court and otherwise followed the Court's directives.'" *Maldonado Ochoa v. Baltazar*, No. 26-CV-01449-PAB, 2026 WL 1615245, at *2 (D. Colo. June 5, 2026) (quoting *Quiroz Zacarias v. Mullin*, No. 26-cv-0574-WJM, 2026 WL 1092162, at *3 (D. Colo. Apr. 22, 2026)). The Court therefore has authority to enforce its own orders. *See id.*; *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991).

Exercising that authority is appropriate here. The Court's May 2026 order explained that "the government bears the burden at . . . a hearing [under 8 U.S.C. § 1226(a)] of proving dangerousness by clear and convincing evidence and of proving flight risk by a preponderance of the evidence." *Kuzmic*, 2026 WL 1291853, at *2. The IJ's Bond Redetermination Memorandum recited that holding, ECF No. 13-2 at 2, but on the next page contradicted it, stating that "[a] respondent who fails to meet his burden will properly be denied bond." *Id.* at 3. Taken literally, this manifests an intent to apply the opposite standard from the one the Court ordered.

The respondents argue that the latter language is mere boilerplate not representing the IJ's rule of decision. ECF No. 15 at 4. That may be. But there is no evidence to substantiate that suggestion. Language appearing in the 'Legal Standard' section of the IJ's memorandum presumably represents the legal standard the IJ applied. For aught that appears, then, the IJ may have conflated the proper legal standard with an improper one.

Her conclusion that she "finds Respondent does present a risk of flight by a preponderance of the evidence," ECF No. 13-2 at 3, does little to clear things up. It does not say that the government met its burden, much less explain how it did so. *See id.* Because it is

impossible to tell that the IJ implemented the proper legal standard, the Court cannot say that the petitioner's bond hearing complied with due process.

As a final matter, the respondents argue that "the appropriate relief . . . would be a second bond hearing, not release." ECF No. 15 at 12. But this would be a third hearing, not a second: the petitioner has already had two bond hearings, on December 4, 2025 and on May 19, 2026. *See* ECF No. 1-1; ECF No. 13-1. As Judge Wang stated under similar circumstances, "The Court sees no reason to order another bond hearing—and risk a third constitutional violation—and prolong the detention that this Court has already determined is unlawful." *Mejia v. Baltazar*, No. 26-CV-00385-NYW-TPO, 2026 WL 1361514, at *5 (D. Colo. May 15, 2026). So it is here: after two deficient hearings, there is little point in risking a third.

**CONCLUSION**

For the foregoing reasons, it is **ORDERED** that the petitioner's motion to enforce, ECF No. 14, is **GRANTED in part**.

It is further **ORDERED** that the petitioner shall be released from custody on or before **October 29, 2026**.

It is further **ORDERED** that the petitioner's Motion to Expedite Decision, ECF No. 17, is **DENIED as moot**.

The Clerk of the Court is directed to enter judgment and close this case.

DATED this 27th day of October, 2026, at Denver, Colorado.

BY THE COURT:

Cyrus Y. Chung
United States Magistrate Judge